IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DAWSON,

      Plaintiff,                    No. CIV S-03-0967 MCE GGH P
  vs.

ARNOLD SCHWARZENEGGER,
Governor of California, et al.,

      Defendants.
_____/

STEVEN GOMEZ,

      Plaintiff,                    No. CIV S-03-0968 MCE GGH P
  vs.

ARNOLD SCHWARZENEGGER,
Governor of California, et al.,

      Defendants.
_____/

EDWARD HARO,

      Plaintiff,                    No. CIV S-03-0973 MCE GGH P
  vs.
ARNOLD SCHWARZENEGGER,
Governor of California, et al.,

      Defendants.
_____/

ZACHARIAH GUZMAN,

      Plaintiff,                        No. CIV S-03-0977 MCE GGH P

vs.

ARNOLD SCHWARZENEGGER,
    Governor of California, et al.,       FINDINGS & RECOMMENDATIONS
          Defendants.

_____/

I. Introduction

      Each plaintiff in the above-captioned cases began these proceedings as a state prisoner proceeding pro se, seeking relief pursuant to 42 U.S.C. § 1983.[1] Plaintiffs are Native American Indians and each was incarcerated at California State Prison - Solano; each names the same defendants and each alleges, in identical allegations within their respective amended complaints that, under the California Department of Corrections and Rehabilitation (CDC) hair-grooming policy within Title 15 of the California Code of Regulations,[2] they are forbidden to wear their hair long.

      Plaintiffs have long hair which violated the regulation. Plaintiffs allege that wearing their hair long is a sincerely held traditional religious belief; thus, the prison hair-

---

[1] By order filed on May 7, 2004, Curran v. Schwarzenegger, et al., No. CIV S- 03-0964 MCE GGH P, in the interest of judicial economy and efficiency, was designated as the lead case among the cases denominated above. On July 21, 2005, plaintiff Curran paroled, rendering his claims moot. On October 27, 2005, the court issued Findings and Recommendations adopted by the District Court on December 14, 2005 redesignating Dawson v. v. Schwarzenegger, et al., No. CIV S- 03-0967 MCE GGH P as the lead case. Plaintiff Dawson was given 10 days to file supplemental motions to the pending defense motion for summary judgment. Plaintiff did not file any supplemental briefing.

[2] Under CAL. CODE REGS. tit.xv, § 3062(e):

> A male inmate's hair shall not be longer than three inches and shall not extend over the eyebrows or below the top of the shirt collar while standing upright. Hair shall be cut around the ears, and sideburns shall be neatly trimmed, and shall not extend below the mid-point of the ear. The width of the sideburns shall not exceed one and one-half inches and shall not include flared ends.

grooming policy violated their First Amendment right to the free exercise of their religion and should be modified in light of the Religious Land Use and Institutional Persons Act of 2000 (RLUIPA), codified at 42 U.S.C. § 2000cc.[3] All plaintiffs seek permanent injunctive relief only.

On March 24, 2004, defendants filed a motion for summary judgment. On April 8, 2004, plaintiff filed his opposition. Defendants replied on April 19, 2004. The court did not consider plaintiff's reply to defendant's reply as this surreply was striken by order of this court on December 17, 2004.

On January 27, 2006, CDC announced an emergency change to its rules permitting inmates to wear their hair in any manner provided that it does "not extend over the eyebrows, cover the inmate's face or pose a health and safety risk." Amended CAL. CODE REGS. tit.xv, § 3062(e). Defendant's notified the court of this change through motion on January 27, 2006. This court issued an order dated February 8, 2006, seeking a response from plaintiff as to whether he believed the new regulation made his complaint moot. On February 17, 2006, plaintiff complied. Defendants responded to plaintiff's reply to the court on February 28, 2006.

\\\\\

---

[3] RLUIPA sets forth in pertinent part:

> (a) General rule
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.
> (b) Scope of application
> This section applies in any case in which--
> (1) the substantial burden is imposed in a program or activity that receives Federal financial assistance; or
> (2) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.

42 U.S.C. § 2000cc-1 (West Supp.2003)

On July 27, 2006, the emergency regulations became final.  In pertinent part, the final regulation is unchanged from the emergency regulation and states that "an inmate's hair may be any length but shall not extend over the eyebrows, cover the inmate's face or pose a health and safety risk.  If hair is long, it shall be worn in a neat, plain style, which does not draw undue attention to the inmate."  Amended CAL. CODE REGS. tit.xv, § 3062(e)

In their response to the court's order regarding mootness, plaintiff argues that the regulation does not render his claim moot because the emergency regulation is a proposed regulation subject to public hearing and comment before final adoption, and that the regulation is ambiguous, leaving open the possibility of continued abuse.  In addition, plaintiff contends that restoration of privileges and credits lost under the previous regulation is required.  Finally, plaintiff argues that he is entitled to nominal damages and reimbursement for the costs of pursuing this action.

II. Mootness

*Change in Regulation*

Mootness requires that the interest that existed at the initiation of the action continue through to the end of the action.  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397, 100 S. Ct. 1202, 1209, 63 L.Ed.2d 479 (1980).  Absent an actual, live controversy, the court risks delivering advisory opinions addressing supposed wrongs, in violation of the Constitution.  U.S. Const. Art. III; SEC v. Medical Comm. For Human Rights, 404 U.S. 403, 407, 92 S. Ct. 577, 579, 30 L.Ed.2d 560 (1972); Muskrat v. United States, 219 U.S. 346, 362, 31 S. Ct. 250, 255, 55 L.Ed. 246 (1911).  Without the ability to issue a ruling that actually affects the litigants rights, the court has no jurisdiction.  Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir. 1989).

Exceptions to the mootness doctrine exist.  These exceptions include controversies capable of repetition, yet evading review, as well as situations where the defendant voluntary ceases their illegal conduct.  See Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir. 1989);

Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 854 (9th Cir. 1985).  In order for these exceptions to apply, several conditions must be met.

For cases capable of repetition, yet evading review, two criteria must be established.  First, there must be a "reasonable expectation" that the same party suffering an apparent injury will be injured again.  See Weinstein v. Bradford, 423 U.S. 147, 149, 96 S. Ct. 347, 348, 46 L.Ed.2d 350 (1975); Barilla, 886 F.2d at 1519.  Second, the type of injury suffered by the party must inherently be the type that will always become moot prior to completion of federal court litigation.  Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1469 (9th Cir. 1992); see, e.g., Roe v. Wade, 410 U.S. 113, 125, 93 S. Ct. 705, 712, 35 L.Ed.2d 147 (1973) (holding that right to abortion claim capable of repetition yet evading review because litigation typically lasted longer than nine month gestational period).  Defendant's conduct does not meet this exception.

However, in response to several court decisions, CDC has voluntarily ceased their complained of behavior by changing their grooming regulation to permit the wearing of long hair.  See Final Statement of Reasons, FSOR Grooming/Programs, June 22, 2006, (hereinafter "Final Statement") at 1.  Generally, mootness does not apply in situations where a defendant voluntary ceases their allegedly improper behavior in response to litigation.  See Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir. 1994).  However, when there is no reasonable expectation that the defendant will resume his challenged behavior, mootness may apply.  United States v. W.T. Grant Co., 345 U.S. 629, 632-33, 73 S. Ct. 894, 897-98, 97 L.Ed. 1303 (1953); Lindquist, 776 F.2d at 854.  Furthermore, mootness requires that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  Los Angeles County v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (citations omitted), (quoting W.T. Grant, 345 U.S. at 633, 73 S.Ct. at 897).

A statutory change that alters or repeals the challenged action is generally enough to render a controversy moot.  See Burke v. Barnes, 479 U.S. 361, 363, 107 S. Ct. 734, 736, 93

L.Ed.2d 732 (1987); United States Dep't of Treasury v. Galioto, 477 U.S. 556, 559-60, 106 S. Ct. 2683, 2685-86, 91 L.Ed.2d 459 (1986). In addition, corrective action by an agency to its regulations during the pendency of a lawsuit can also render a controversy moot. Commissioner v. Shapiro, 424 U.S. 614, 622-23 n.7, 96 S. Ct. 1062, 1068 n.7, 47 L.Ed.2d 278 (1976); Save Our Cumberland Mountains, Inc. v. Clark, 725 F.2d 1422, 1432 n.27 (D.C.Cir. 1984) ("There is no question that a case can be mooted by promulgation of new regulations or by amendment or revocation of old regulations"); Tedder v. United States Bd. of Parole, 527 F.2d 593, 595 (9th Cir. 1975) (other aspects of decision superceded by statute) (finding plaintiff's challenge to parole rules moot when change in regulation brought him within protection of rule). Such is the situation in this case.

      Plaintiff's claim that his lawsuit is not moot because the regulation has not been finalized is no longer valid. Furthermore, there is no indication that defendant's change of the regulation was designed to defeat the pending litigation while continuing the complained of behavior. This is not a situation where CDC has reserved the right to return to the prior regime upon dismissal of this lawsuit or appears likely to do so. See Northeastern Florida Chapter of the Assoc. General Contractors of America v. City of Jacksonville, 508 U.S. 656, 661-62, 113 S. Ct. 2297, 124 L.Ed.2d 586 (1993); City of Mesquite v. Aladdin's Castle, 455 U.S. 283, 289 n.11, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982); Princeton v. Schmid, 455 U.S. 100, 102 S. Ct. 867, 70 L.Ed.2d 855 (1982). In addition, the emergency regulation is substantially different from the previous regulation, and is not simply a subtler attempt to proscribe otherwise lawful behavior that would be permitted under RLUIPA. See Northeastern Florida Chapter, 508 U.S. at 662; Morrison v. Hall, 261 F.3d 896, 900 (9th Cir. 2001) (holding that prison regulation amended to permit express and first class mail along with periodicals was not a significant change to render challenge to previous regulation permitting only first and second class mail moot). Finally, application and interpretation of the amendment are clear. See New York Transit Auth. v. Beazer, 440 U.S. 568, 580-81, 99 S. Ct. 1355, 1362, 59 L.Ed.2d 587 (1979) (holding challenge

not moot when application and interpretation of superceding regulation was uncertain).

All indications are that CDC's change is a sincere reevaluation of its policy. See Final Statement at 1 ("The Department has determined that amending the Department's grooming standards would serve a compelling interest by establishing a less restrictive alternative to the current grooming standards.") The emergency regulation applies across the board and is not targeted toward a particular religion or culture. New York Transit Auth, 440 U.S. at 580-81, 99 S. Ct. at 1362 (1979). Plaintiff has provided no evidence to support any contention that prison officials have made this regulatory change in order to manipulate the court. See Lindquist, 776 F.2d 851, 853-54. It is clear from the face of the regulation that it substantially alters prior CDC grooming policy to permit plaintiff to wear his hair in any length as required by his religion. Furthermore, despite his protests, plaintiff has failed to present any compelling evidence that the regulation is open to interpretation or leaves discretion in its application.

The change to the regulation was made in response to lawsuits similar to plaintiff's. Final Statement at 1. However, there is no reason to believe that dismissal of this suit will result in immediate reinstatement of the challenged regulations. California Department of Corrections has utilized its power under the California regulatory scheme to effect changes in its prison system that it believes appropriately balances the rights of inmate with the needs of the state. The mere ability of CDC to change this regulation at some point in the future, without some express intention to do so, does not provide an exception to the doctrine of mootness. Compare Cornelius v. NAACP Legal Defense and Education Fund, Inc., 473 U.S. 788, 791, n.1, 105 S. Ct. 3439, 3443, n.1, 87 L.Ed.2d 567 (1985) (holding that Office of Personnel Management's change in regulation as a result of unfavorable lower court ruling that expressly reserved the right to reinstate the regulation upon a favorable ruling by a higher court did not render the case moot).

Plaintiff filed suit alleging a violation of his statutory rights as a result of CDC's hair grooming policy. Plaintiff requested injunctive relief to stop enforcement of that regulation

as a remedy. This policy has now been changed and plaintiff can now wear his hair "any length." CAL. CODE REGS. tit.xv, § 3062(e). This court no longer has available to it any remedy that can address plaintiff's complaints. Neighbors of Cuddy Mtn. v. Alexander, 303 F.3d 1059, 1065 (9th Cir. 2002) ("[A] case is moot only where no effective relief for the alleged violation can be given.") It is clear that the change in regulation has eradicated the effects of the previously alleged violation of RLUIPA. Dismissal is appropriate.

*Application of § 1983 to Claim for Restoration of Lost Credits and Privileges*

Plaintiff also argues that his claim is not made moot because there remains the issue of restoration of status and credits lost during the prior regulatory period when long hair could lead to disciplinary action. Specifically, plaintiff alleges that the loss of earned time credit, placement on C-status, and forfeiture of good time credits requires the court to hear his § 1983 claim. Such argument is without merit.

In his original filing, plaintiff requested injunctive relief to the hair grooming standard. (Pl.'s Compl. 5 ("We are requesting that we be exempt from the grooming standards and that a preliminary injunction be ordered pending the outcome of this Civil Action [sic].")) This relief was consistently sought throughout this litigation. (Pl.'s Opp'n Mot. Summ. J. 3.) Plaintiff did acknowledge that an injunction "should or will" restore his sentence credits lost as a result of his disciplinary infractions stemming from his violation of the grooming policy, but contended that this was a secondary issue. (Pl.'s Opp'n Mot. Summ. J. 3.)

Plaintiff has refashioned his argument in an attempt to retain its validity. This action was originally brought under § 1983 as a claim for prospective injunctive relief. See Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004) ("[Claims that] merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [habeas corpus] and may be brought pursuant to § 1983 in the

\\\\\
\\\\\

first instance.)[4]  Despite his statement that "[p]laintiff has no such plan or intent to in any way seek some hypothetical collateral attack as of [his lost credits]," plaintiff now seeks to preserve this lawsuit in order to achieve exactly that outcome.  (Pl.'s Opp'n Mot. Summ. J. 3.)  If that is plaintiff's desired result, his § 1983 claim "must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements."  Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

Plaintiff's § 1983 claim seeking a cessation of the complained of practice has been rendered moot by CDC's change in the grooming regulation.  Any desire by plaintiff to challenge the conditions of confinement or the duration of confinement resulting from previous application of that regulation is not proper under § 1983.  See Heck v. Humphrey, 512 U.S. 477, 481 (1994) citing Preiser, 411 U.S. at 489; Mayweathers v. Newland, 258 F.3d 930, 934 (9th Cir. 2001).  Plaintiff recognized this procedural fact in his original § 1983 filing and subsequent arguments.  See  (Pl.'s Compl. 5.); (Pl.'s Opp'n Mot. Summ. J. 3 ([H]abeas corpus is **NOT** an appropriate remedy here (emphasis in original)).)  Given that plaintiff's requested relief can only come through a habeas petition, plaintiff's complaint that this § 1983 action remains ongoing in spite of the change in regulation is without merit.

*Damages*

Finally, plaintiff argues that this action retains life because of the pending issues of nominal damages and reimbursement.  While § 1983 permits a court to award damages to a

---

[4] The District Court determined that this action is properly heard as a § 1983 action and that ruling is the law of the case.  See Order dated September 3, 2004, adopting in full the Findings and Recommendations of August 12, 2004, aff'd by the Ninth Circuit on December 3, 2004.  The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."  United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).  A court may have discretion to depart from the law of the case if: 1) the first decision was clearly erroneous;  2) an intervening change in the law has occurred;  3) the evidence on remand is substantially different;  4) other changed circumstances exist;  or 5) a manifest injustice would otherwise result.  Alexander, 106 F.3d at 876.  None of these exceptions to the law of the case doctrine exist in this case.

prevailing party, plaintiff made no claim in his original suit for damages. 42 U.S.C. § 1988(b). Nor is the court willing to entertain a motion to amend the complaint at this juncture. By seeking to acquire an award of $1, plaintiff seeks what could only be termed in reality as "an historical advisory opinion" that the previous regulation violated RLUIPA. While the costs to plaintiff are negligible in seeking to acquire this type of opinion, the costs to the court and defendants are not. The undersigned will not undertake such a review with its attendant prejudice to other litigants (delaying their adjudications) before this court solely for the purpose of satiating plaintiff's curiosity or worse.

III.  Conclusion

Plaintiff's original lawsuit sought a change to the CDC grooming regulations. Such a change has now come through the implementation of final regulations by CDC and plaintiff is permitted to wear his hair in any length. Plaintiff has received what his original lawsuit requested and there no longer exists any claim or controversy over which this court can fashion a remedy.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/11/06                                          /s/ Gregory G. Hollows

GGH/kr - daws0964.fr                                    UNITED STATES MAGISTRATE JUDGE